**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MARCOS ORONA-SAEZ<br><br>    Plaintiff<br><br>        v.<br><br>FRANCISCO RIVERA-MAYOL, ET AL.<br><br>    Defendants. | CIV. NO. 09-1709 (PG) |

**ORDER**

    Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action if the plaintiff fails "to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). "The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted." Link v. Wabash R.R., 370 U.S. 626, 629 (1962). "This power, which is of ancient origin . . . is a necessary component of the authority and responsibility of the district courts to establish orderly processes and manage their calendars." Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted) (citing Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)). In addition, the Judicial Conference of the United States and the Case Administration and Case Management Committee (CACM) have classified the Federal District Court for the District of Puerto Rico as a congested federal district court.

    The Court issued an Order to Show Cause (Docket No. 5) on July 1, 2010, giving Plaintiff over ten (10) days, until September 12, to explain to the Court why his case should not be dismissed for lack of prosecution.  In said Order, the Court warned Plaintiff that his failure to comply with court orders, including an Order dated October 14, 2009, demanding that Plaintiff properly file his previously defective motion for leave to proceed in forma pauperis, as well as his failure to prosecute his claim, which is now over one (1) year old, "shall result in the immediate dismissal of his case."  The Court warned Plaintiff that this would be his final warning.  As of present day, Plaintiff has failed to comply with this and previous Court Orders, and

CIV. NO. 09-1709 (PG)                                                    Page 2

he has failed to prosecute his claim.  Therefore, under this "[C]ourt's . . . unquestionable authority to dismiss a case . . . for want of prosecution in order to prevent undue delay in the disposition of pending cases, docket congestion and the possibility of harassment of defendant," <u>Jardines Ltd. Partnership v. Executive Homesearch Realty Serv. Inc.</u>, 178 F.R.D. 365 (D.P.R. 1998), the Court hereby dismisses Plaintiffs' claim against Defendant with prejudice pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 41(b).  Final judgment dismissing the case with prejudice shall be entered accordingly.

    **IT IS SO ORDERED.**
    In San Juan, Puerto Rico, September 20, 2010.

                                        S/<u>JUAN M. PEREZ-GIMENEZ</u>
                                        JUAN M. PEREZ-GIMENEZ
                                        U.S. DISTRICT JUDGE